**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT M. BENNETT, JR.,**

        **Plaintiff,**

    **v.**

**DOMINIC S. GERACE, II, et al.,**

        **Defendant.**

          **Civil Action 2:26-cv-209**
          **Chief District Judge Sarah D. Morrison**
          **Magistrate Judge Kimberly A. Jolson**

**REPORT AND RECOMMENDATION**

Plaintiff Robert Bennett, Jr. brings this case against Dominick Gerace, II and Pamela Bondi, seeking compensatory damages and an injunction "to expand the interpretation of" the Supreme Court's holding in *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020). (*See generally* Doc. 1-1). This matter is before the Court on Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 1). For the following reasons, the Undersigned **RECOMMENDS** the Motion be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless the one-time payment of the court's filing fee

clearly will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status.  *See Adkins*, 335 U.S. at 339.

Based on his affidavit, the Undersigned determines that Plaintiff has sufficient funds to pay the filing fee.  Plaintiff claims to make $20.49 per hour in gross pay, and about $18 per hour in take-home pay. (Doc. 1 at 1).  On a monthly basis, Plaintiff's gross monthly income is $3,278.40, with a net income of $2,880.  Plaintiff also claims to have $2,500 in cash, or in a checking or savings account at the time of filing his Motion.  (*Id.* at 2).  As for Plaintiff's monthly expenses, he claims to pay about $3,200 per month. (*Id.*).  While his monthly expenses outweigh his monthly income, Plaintiff represents that he currently has more than enough cash on hand or in an account to pay the one-time filing fee.  Based on these representations, it does not appear that paying the fee would cause Plaintiff to be deprived of the necessities of life.  *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Accordingly, it is **RECOMMENDED** that his Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.  If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within thirty (30) days of adoption or face dismissal.  If this recommendation is adopted, and Plaintiff pays the filing fee, he will be responsible for service.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   February 24, 2026                          /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE